IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY ROE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:15CV3071 |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE OF NEBRASKA; and | ) | MEMORANDUM OPINION |
| JOHN and JANE DOE(S) 1 | ) | |
| THROUGH 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on defendants' motion to dismiss plaintiff's amended complaint (Filing No. 11) for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Filing No. 12). The matter has been fully briefed by the parties. *See* Filing Nos. 13, 16, and 17. After review of the motion, briefs, and applicable law, the Court finds as follows.

**BACKGROUND**

On December 23, 2013, the plaintiff, Henry Roe[1] ("plaintiff" or "Roe") submitted his claim to the State Claims Board in accordance with Neb. Rev. Stat. § 81-8,212 (Filing No. 11 at ¶ 3). The State of Nebraska did not make a final

---

[1] Plaintiff's Amended Complaint (Filing No. 11) provides "[d]ue to the confidential nature of Plaintiff's claims, this action is maintained under the pseudonym Henry Roe." (*Id.* at ¶ 1). This order will utilize plaintiff's requested pseudonym.

disposition of plaintiff's claim within the statutorily required time.  (*Id.*)  Plaintiff then filed suit in the District Court of Lancaster County, Nebraska (Filing No. 1 at 1).  On July 8, 2015, defendants, the State of Nebraska, and John and Jane Doe(s) 1 through 10 ("defendants") removed the action to this Court.  *See* Filing No. 1.  On August 18, 2015, the plaintiff amended his complaint (Filing No. 11).

Plaintiff's complaint alleges four causes of action against the State of Nebraska and unnamed "employees and agents" of the State "John and Jane Doe(s) 1 through 10."  *See* Filing No. 11.  Although unclear from the face of the complaint, plaintiff's claims are based on his wrongful identification and enlistment on the Nebraska State Patrol Sex Offender Registry website and the repercussions flowing therefrom.  *See* Filing No. 9, Exs. 1 and 2.

Liberally construed, plaintiff's first cause of action alleges defendants' negligence when "Henry Roe was given an incorrect classification by the State of Nebraska . . . . Plaintiff asserts that the manner in which the State supervised his classification, and actions related thereto . . . were negligent and lacking in due care.  Such lack of supervision of action(s), essentially caused damage . . . ."  (Filing No. 11 at ¶ 4).  Plaintiff's second cause of action alleges a taking under Article I, Section 21 of the Nebraska Constitution.  Plaintiff

bases his third cause of action on Neb. Rev. Stat. § 76-705 alleging defendants "damaged the property of Plaintiff, for public use, without instituting condemnation proceedings." (*Id.* at ¶ 17). Finally, plaintiff's fourth cause of action "is brought pursuant to Title 42 U.S.C. § 1983 . . . in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff, by the First, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States." (*Id.* at ¶ 19).

**STANDARDS OF REVIEW**

    **A.   Fed.R.Civ.P. 12(b)(1)**

Suits are subject to dismissal when the court lacks subject matter jurisdiction to hear the matter. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Court "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.

1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) ("Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like summary judgment motion; and on disputed facts"). "The district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." *Osborn v. United States*, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (citing *Land v. Dollar*, 330 U.S. 731, 735 & n.4, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947); *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)).

    **B.    Fed.R.Civ.P. 12(b)(6)**

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires a court "to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Federal Rule of Civil Procedure 8 requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594

(quoting *Iqbal*, 556 U.S. at 677-78) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Braden*, 588 F.3d at 591, 595. In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978). Recitations of elements of a cause of action with mere conclusory statements fail to meet Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 678. However, plaintiffs may use legal conclusions to provide the framework of a complaint, so long as factual allegations support those legal conclusions. *Id.* at 678-79. Thus, a dismissal is likely "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 589 F.2d at 306.

**DISCUSSION**

    **I. Negligence**

        Construing Roe's first claim as one of general negligence, the Court finds Roe has not pled the requisite elements of a negligence claim. *See Blaser v. County of Madison*, 826 N.W.2d 554, 563 (Neb. 2013) ("In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages."). Roe's factual allegations are insufficient to support his conclusion of negligence on the part of defendants. In addition, construing plaintiff's first cause of action as a negligence claim requires dismissal under the two-year statute of limitation outlined within Nebraska's State Tort Claims Act. *See* Neb. Rev. Stat. § 81-8,227 ("[E]very tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made. . . ."). Accordingly, Roe's negligence claim will be dismissed with prejudice as to the State of Nebraska and John and Jane Doe(s) 1 through 10 in their official capacities and without prejudice

with respect to John and Jane Doe(s) 1 through 10 in their individual capacities.[2]

### II. Taking of Property under *Neb. Const. Art. I, Sec. 21*

Neb. Const. Art. I, Sec. 21 states: "The property of no person shall be taken or damaged for public use without just compensation therefor." Roe's amended complaint fails to provide the Court any factual allegations upon which his property was taken or damaged for public use. Accordingly, this claim will be dismissed, without prejudice.

### III. Taking of Property under *Neb. Rev. Stat. § 76-705*

Plaintiff's amended complaint recites Neb. Rev. Stat. § 76-705 and then states, "Plaintiff is entitled to recovery of their property damage in such amount as is proven by them [sic], as the Defendant and John and Jane Doe(s) 1 through 10, damaged the property of Plaintiff, for public use, without instituting condemnation proceedings." (Filing No. 11 at ¶ 17). The Court finds that plaintiff's amended complaint fails to provide the Court with any factual allegations on which it could rely to find

---

[2] Plaintiff requests the Court to look beyond the face of the complaint to "the separate, confidential document filed on Plaintiff's behalf at or about the time this Complaint is [sic] filed." (Filing No. 11 at ¶ 4). Although the Court has authority to look beyond the complaint and has done so, the Court's findings pertaining to all four causes of action remain unaffected by the additional documents.

any property belonging to plaintiff was condemned for public use. Accordingly, this claim will be dismissed without prejudice.

### IV. 42 U.S.C. § 1983

The Court finds that the State of Nebraska and John and Jane Doe(s) 1 through 10 in their official capacities are entitled to sovereign immunity with respect to plaintiff's 42 U.S.C. § 1983 claims. The Eleventh Amendment protects states from suit in federal court by "Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Amendment provides states with immunity "not only from suits brought by citizens of other states, but also from suits brought by their own citizens." *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003) (citing *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S. Ct. 504, 33 L. Ed. 842 (1890)). A state may however, waive its sovereign immunity by consenting to suit. *Doe*, 345 F.3d at 597 (citing *Coll. Save Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 114 L. Ed. 2d 605 (1999)). "The State Torts Claims Act is a conditional waiver of Nebraska's immunity to suit for damages related to certain common law claims." *Saylor v. Nebraska*, No. 4:12CV33115, 2013 WL 6036630 at *4 (D. Neb. Nov. 13, 2013) (citing *First Nat'l Bank v. State*, 499 N.W.2d 343 (Neb. 1992)).

The State of Nebraska has not consented to suits brought pursuant to 42 U.S.C. § 1983, nor is the State a person within the meaning of § 1983. *Sundquist v. Nebraska*, No. 8:14CV220, 2015 WL 4727497 at *3 (D. Neb. Aug. 10, 2015); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304 (1989). Suits against state actors in their official capacities are likewise barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 97-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Burke v. Beene*, 948 F.2d 489, 492-94 (8th Cir. 1991). Therefore, the Court will dismiss plaintiff's § 1983 claims with prejudice against the State of Nebraska and John and Jane Doe(s) 1 through 10 in their official capacities.

Under the federal rules, complaints require names of all the parties. Fed.R.Civ.P. 10(a). "There is no federal rule that contemplates the use of fictitious parties in pleadings." *Lundberg v. University of Nebraska*, No. 4:CV95-3448, 1996 WL 8830606 at *5 (D. Neb. Nov. 25, 1996). However, "[f]ederal courts have allowed the naming of such parties." *Lundberg*, 2015 WL at *5. "An action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after

reasonable discovery." *Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Under the facts contained in the complaint, the Court finds that plaintiff has not made allegations specific enough to permit identification of the unnamed defendants after reasonable discovery. Therefore, plaintiff's 1983 claim will be dismissed as to John and Jane Doe(s) in their individual capacities without prejudice. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 20th day of October, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court